IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:06-1225-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONCHEZ SHELLEY | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Ronchez Shelley, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  The government has responded and moved for summary judgment,[2] contending that there is no genuine issue as to any material fact.   For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that summary judgment should be entered for the government.

PROCEDURAL HISTORY

The defendant pled guilty to conspiracy to possess with intent to distribute cocaine base in excess of 50 grams and cocaine in excess of 5 kilograms.  The government filed a notice of enhancement pursuant to 21 U.S.C. § 851 as a result of the defendant's two prior state felony drug offenses which the defendant conceded to in his signed plea agreement.

On December 20, 2007, the defendant was sentenced to a mandatory life sentence for

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2]  After the government moved for summary judgment of the § 2255 motion, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion for summary judgment.  The defendant did not respond to the motion.

his third felony drug offense.  He did not file a direct appeal of his conviction.  Thereafter, the government filed a motion to reduce the defendant's sentence under Fed. R. Crim. P. 35(b) as a result of the defendant's substantial assistance to the government in the prosecution of other individuals.  The court granted the government's motion and reduced the defendant's sentence from mandatory life to 188 months.

The present § 2255 motion was filed on August 20, 2012.  The defendant notes his intention to file a supplement to the motion, however, as of the date of this order, no supplement has been filed or received by the court.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255.  In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009).  The movant has the burden of proving that summary judgment is appropriate. Once

2

the movant makes the showing, however, the opposing party must respond to the motion with

"specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate.

*See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be

drawn from the evidence must be viewed in the light most favorable to the non-moving party.

*Id*.  However, "the mere existence of some alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement

is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come

forward with some evidence beyond the mere allegations contained in the pleadings to show

that there is a genuine issue for trial."  *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–

75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation,

or conclusory allegations to defeat a motion for summary judgment. *See id.*  Rather, the

nonmoving party is required to submit evidence of specific facts by way of affidavits,

depositions, interrogatories, or admissions to demonstrate the existence of a genuine and

material factual issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

In his one-paragraph § 2255 motion, the defendant seeks to vacate his sentence,

relying upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  The defendant does

not set forth any explanation or argument to support his § 2255 motion, nor has he

supplemented the motion as he stated he would do.

As the government asserts in its motion for summary judgment, the defendant's reliance on *Simmons* is misplaced because *Simmons* dealt with the North Carolina state sentencing scheme in which a defendant's maximum sentence is determined by a guidelines grid.   The defendant's prior drug convictions occurred in South Carolina, not North Carolina.  Moreover, the Fourth Circuit has ruled that the Simmons decision is not retroactive to cases on collateral review.  *See United States v.  Powell*, ___ F.3d ___, 2012 WL 3553630 (4th Cir.  Aug.  20, 2012).

As for the defendant's reference to the Department of Justice's "policy change," the defendant was arrested, prosecuted, and sentenced prior to the Fair Sentencing Act ("FSA") which became effective on August 3, 2010.  As the government notes, the Department of Justice's policy has not changed in that a defendant who was prosecuted and sentenced prior to August 3, 2010, cannot receive any benefit as a result of the FSA.

CONCLUSION

For all the foregoing reasons, the court hereby grants the government's motion for summary judgment and the § 2255 motion is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

5

IT IS SO ORDERED.

January 10, 2013                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

5